Phillip BROZOVICH, Plaintiff-Respondent,

v.

Frank BROZOVICH, Defendant-Appellant.

No. 24834.

Kansas City Court of Appeals.

Missouri.

June 3, 1968.

E. E. Thompson, Thomas A. Sweeny, Ernest H. Fremont, Jr., Kansas City, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel, for appellant.

James L. Crabtree, Law Offices, Melvin L. Kodas, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff sought recovery of damages against defendant for alleged negligence in placing a loaded shotgun among tools in the rear seat of defendant's automobile and for failing to warn plaintiff of the dangerous condition this created. The gun discharged while plaintiff was unloading the contents from the automobile, causing plaintiff to suffer bodily injuries. From a verdict, and judgment thereon, in the sum of $5,000.00, defendant has appealed.

Defendant has briefed and argued two points only: (1) the court erred in overruling his motion for a directed verdict, filed at the close of all of the evidence; that plaintiff was a licensee on defendant's premises but, assuming that he was an invitee, the presence of the gun in the rear seat of the automobile was open and obvious and plaintiff, in the exercise of ordinary care, should have seen it; (2) that Instruction Two is prejudicially erroneous because it failed to require a finding by the jury that plaintiff did not know and, by exercising ordinary care, could not have known of the presence of the loaded shotgun. We will confine our ruling herein to the questions as presented.

■ In assessing the facts as disclosed by the record we will accept as true all evidence favorable to plaintiff's theory of recovery and will draw all favorable reasonable inferences therefrom. We will reject as untrue all evidentiary facts unfavorable to plaintiff's theory and right of recovery unless they appear in plaintiff's own testimony.

The facts relevant to a disposition of the issues presented in the testimony of plaintiff are corroborated by defendant's own testimony. There is no conflict in the evidence. Defendant was the owner of a forty acre farm and a portion of it was planted to fruit trees. Plaintiff, defendant's son, was about seventeen years of age and was an enlistee in the United States Navy, with the written consent of defendant and of plaintiff's mother. He had finished his training in "boot" camp and was at home visiting his parents pending reassignment. On November 3rd, 1965, after partaking of breakfast at the family home, defendant requested plaintiff to assist him in planting trees in the orchard. Plaintiff agreed. He was not to be paid for his services.

At the suggestion of defendant he loaded trees from the garage into the trunk compartment of defendant's automobile while defendant loaded certain tools into the rear seat of the vehicle. The tools so loaded consisted of a shovel, a sharpshooter, pruners, a post hole digger which, when the handles thereof were closed, was round, some mesh wire and some "bulk". The back seat of the automobile was worn, "in bad shape", and was "stringy". Unknown to plaintiff defendant also loaded a double barreled shotgun and placed it on the rear seat of the automobile, together with and among the tools and other material.

Defendant drove the automobile to the orchard. Plaintiff rode beside defendant. When the parties arrived at the place where the trees were to be planted, defendant requested plaintiff to remove the trees from the trunk of the automobile while, at the same time, defendant removed such tools as would be required for their use but did not remove the wire or bulk, or the shotgun. When called to the house for luncheon defendant instructed plaintiff to load the unused trees into the trunk of the automobile, which he did. While plaintiff was so engaged defendant placed the tools that had been used in the rear seat, among the contents already there, including the loaded shotgun. Defendant drove the automobile to the house and directed plaintiff to remove the tools and place them in

the garage while he, defendant, unloaded the trees. While defendant was removing the trees from the trunk of the automobile he heard a gun shot and plaintiff said: "Dad, I shot myself." Defendant stated that, when he went to his son, who was standing near the right rear door of the automobile, he observed the stock of the shotgun resting on the rear seat with its muzzle resting on the ground.

■ Defendant contends, but not seriously, (certainly not convincingly) that plaintiff was a trespasser or, at most a licensee. However, he virtually concedes that plaintiff was a business invitee. We hold that plaintiff was a business invitee of defendant inviter. In 65 C.J.S. Negligence § 63(46), page 747, it is said:

"Property to which rule applicable. While the rule requiring reasonable care for the safety of invitees is usually announced with respect to land and buildings thereon or appurtenances thereto, it is not confined to property of this character, but applies to any property into or on which a person may be invited, as, for instance, a vehicle or a boat".

In 65 C.J.S. Negligence § 63(6) and 63(7), the general rule regarding the duty owed to trespassers and licensees is stated. In 65 C.J.S. Negligence § 63(8), page 666, it is said that the general rule has been applied in cases where the trespass was on a wagon, a truck, a platform and derrick owned by one person and situated on land owned by another. Other specific examples of its application under similar circumstances are mentioned.

Plaintiff says that the closest case in point here is that of Lynch v. Rosenthal, (Mo.App.), 396 S.W.2d 272, 277. There a twenty-two year old mentally retarded man who had lived in defendant's home as a member of the family for several years but who received no wages for services he rendered, was injured when he came in contact with the mechanism of a cornpicker owned and operated by defendant. Plaintiff, at the request of defendant, was fol-

lowing the picker and picking up fallen ears of corn. We held:

"* * * Plaintiff was in the cornfield and in close proximity to the picker at the instance and direction of defendant, for defendant's benefit. Defendant was required to exercise ordinary care towards plaintiff to avoid injuring him. Plaintiff was not an employee, licensee, or a trespasser; he was an invitee. Fletcher v. Kemp, Mo., 327 S.W.2d 178, 182; Daugherty v. Spuck Iron & Foundry Company, Mo.App., 175 S.W.2d 45, 49. * * *."

The legal duty of an inviter to a business invitee is well stated in Moran v. Hartenbach (Mo.App.), 423 S.W.2d 53, 56, as follows:

"* * * The owner or occupant of land is not an insurer of the safety of even a business invitee. (Citations). The true basis of the owner's or occupant's liability is his superior knowledge of an unreasonable risk of harm of which the invitee, in the exercise of ordinary care, does not or should not know. (Citations). Thus the alternative duty to keep the premises in a reasonably safe condition for an invitee or to warn him of the dangerous condition, 2 Restatement of the Law of Torts, § 343, p. 938, applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like, in that they are known to the inviter but not known to the invitee, and would not be observed by the latter in the exercise of ordinary care. * * *."

In Nelson v. Lee, 249 Ala. 549, 32 So.2d 22, 25, deceased loaded a rifle and handed it to defendant, who was operating his automobile from the front seat thereof. Deceased did not tell defendant or anyone else that the rifle was loaded. Defendant placed the rifle in the front seat of the automobile in such a manner that the muzzle pointed toward occupants of the rear seat, including deceased. The rifle discharged killing deceased. The court held

that deceased was guilty of negligence contributing to his death.

█ In the case at bar defendant was guilty of negligence in that he placed a loaded gun in his automobile among the tools heretofore mentioned, and did not warn plaintiff that he had done so. Plaintiff's evidence was sufficient to make a submissible case on the theory upon which it was tried.

█ Defendant next contends that plaintiff's verdict directing Instruction Two, is reversibly erroneous because the jury was not required thereby to find all of the essential elements necessary in order to find a verdict for plaintiff. That contention is sustained.

Instruction Number Two provides as follows:

"Your verdict must be for plaintiff if you believe:

First, defendant placed a loaded shotgun among tools in the back seat of his car and failed to warn plaintiff of the presence thereof, and

Second, defendant was thereby negligent, and

Third, as a direct result of such negligence the plaintiff sustained damage, unless you believe that plaintiff is not entitled to recover by reason of Instruction Number Four".

It is MAI 17.01 modified. Plaintiff concedes that MAI 22.03 is specifically applicable to an inviter-invitee case. Number Two, as given, does not require the jury to find that plaintiff, in the exercise of ordinary care for his own safety, would not have seen the shotgun before grasping it, causing it to discharge. It is fatally erroneous. Trautloff v. Dannen Mills, Inc. (Mo.App.), 316 S.W.2d 866, 873. Plaintiff concedes that MAI 22.03 requires a finding of the existence of all essential elements to support a jury verdict in this case.

Plaintiff says that failure to include the above mentioned requirements in the instruction is cured by a reference therein to another instruction, Number Four. In Milliken v. Trianon Hotel Company (Mo. App.), 364 S.W.2d 71, we ruled a similar instruction to be prejudicially erroneous. At page 75 we ruled that the error was not cured (in a verdict directing instruction) by reference to another instruction requiring the finding of an omitted essential fact.

The judgment is reversed and the cause is remanded for a new trial.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.