John E. MARTIN, Margaret Struckel and Thomas E. Roche, Appellants,

v.

Gloria M. O'CONNOR, as Executrix of the Purported Last Will and Testament of James M. Roche and Frances E. O'Connor, Respondents.

No. 51634.

Supreme Court of Missouri, Division No. 1.

July 11, 1966.

Motion for Rehearing or for Transfer to Court En Banc Denied Sept. 12, 1966.

Lawrence C. Sumner, Schneider, Sumner, Hanlon & Boyle, Clayton, for appellants.

James B. Herd and Deeba, DeStefano, Sauter & Herd, St. Louis, for respondents.

HYDE, Judge.

■ Action to contest will of James M. Roche, deceased, on grounds of lack of mental capacity and undue influence. The jury found the Will valid and contestants have appealed from the judgment entered. We have jurisdiction because the Will disposed of real estate. Switzer v. Switzer, Mo.Sup., 373 S.W.2d 930.

■ Proponents have filed a motion to dismiss for failure to comply with the rules. Contestants' failure to comply with most of the requirements of Rule 83.05, V.A.M.R. deserves dismissal but it is the policy of this court to decide cases on the merits when reasonably possible. Therefore, we overrule the motion to dismiss this appeal.

■ Contestants' brief raises only procedural errors so a brief statement of facts will be sufficient. Contestants' Points IV and V, that the verdict and judgment "was against the greater weight of the credible evidence" and "was against the evidence as to undue influence," raise nothing for appellate review. See cases cited West's Missouri Digest, Appeal and Error, ⊕1003; see also Roberts v. Emerson Electric Mfg. Co., Mo.Sup., 338 S.W.2d 62, 68. In the Roberts case, we pointed out: "It is only when there is complete absence of probative facts to support a verdict that we interfere." As shown by our statement of facts, there was substantial evidence to support the verdict and judgment establishing the Will.

■ Contestants are the niece and two nephews of testator; proponents are a niece of testator and her mother, a sister-in-law of testator. Testator died at the age of 72 on October 23, 1963; his wife died November 10, 1961. Testator had been a Missouri Pacific Railroad clerk and had retired. He bought a duplex in 1955 and at his invitation the O'Connor family moved into the building paying him rent for their half. Steve O'Connor was the brother of testator's wife. Mrs. O'Con-nor and her daughter Gloria helped testator take care of his apartment after his wife died until a housekeeper was employed in January 1962.

Testator had made a will August 25, 1962, leaving his property to contestant John Martin, his nephew, and Steve O'Connor, one-half each, providing in the event Steve O'Connor died before testator, contestant Thomas Roche would take his half. There was no provision for contestant Margaret Struckel in that will. John Martin took testator to O'Fallon, Missouri, where this will was drawn by an attorney who represented the company Martin worked for; and who had also represented Martin. This attorney testified at the trial and said testator "appeared to be of sound mind" at that time and that he "had no difficulty understanding his wishes, insofar as what he wanted in his will."

Steve O'Connor died in November 1962 and testator made the will herein involved December 5, 1962. Proponents' evidence was that soon after the death of Steve O'Connor, testator told Gloria he wanted to change his will and asked her to get a lawyer for him. She had worked as a secretary at St. Louis University so she asked a law professor there to get an attorney for testator. The attorney thus contacted came to see testator, who talked to him out of the presence of Gloria and her mother. When he had the will ready, they went with him to the attorney's office but stayed outside the room where testator discussed it with the attorney who prepared it and his partners who witnessed it. These witnesses testified that testator was of sound mind as did testator's housekeeper, who was called as a witness by contestants, and a doctor who treated him in June 1962 and January 1963. Contestants had evidence to the contrary by a doctor who treated him in June 1962 and May 1963 and by two doctors whose views were based on hypothetical questions. On June 24, 1963, the Probate Court of the City of St. Louis made a finding that tes-

tator "is incompetent by reason of senility" on petition of John Martin who was appointed guardian. Testator had been admitted to the Missouri Pacific Hospital prior to that time but was discharged on July 14th. We hold that proponents had substantial evidence to show mental capacity of testator.

■ As to undue influence, an issue on which contestants had the burden of proof (57 Am.Jur. 278, Wills, Sec. 386; 94 C.J.S. Wills § 237, p. 1085; McCormack v. Berking, 365 Mo. 913, 290 S.W.2d 145), there was testimony that testator was "hard headed" and that even his wife could not make him do anything to which he was opposed. Proponents' evidence which the jury evidently believed explained that Gloria O'Connor arranged for a lawyer, she did not know, to contact testator at his request; and that testator directed the lawyer concerning the provisions of the will without any participation by Gloria or her mother. Although close friendly relations existed between testator and the O'Connors, the only activity shown concerning his financial affairs was that at his request Gloria prepared checks for him to pay his bills in accordance with his instructions to her. "Defendants did not have the burden of disproving undue influence. They were entitled to a determination of the sufficiency of plaintiff's evidence whether they adduced evidence or not as the credibility of plaintiff's witnesses and the weight of their testimony was for the trier of the facts." Early v. Koelbel, Mo.Sup., 273 S.W.2d 312, 317. Contestants' evidence was circumstantial and amounted to little more than suspicion, speculation and conjecture from opportunity to exercise undue influence.

■ Contestants allege error (Point I) in permitting witness Sauter to testify "decedent was competent to sign that will," relying on Fields v. Luck, Mo.Sup., 44 S. W.2d 18, 21, and Gilmore v. Atwell, Mo. Sup., 283 S.W.2d 636, 639, and cases therein cited. In those cases improper ques-

tions were asked calling for the opinion of the witness on a question of law. In this case, proper questions were asked but the answer was not responsive and was an improper answer to the questions asked, as shown by the record, as follows: "Q I ask you then, sir, if you have an opinion, based solely upon your observation of the deceased, Mr. Roche, during the execution of this document, that is, Proponents' Exhibit No. 1, concerning the soundness of Mr. Roche's mind at the time of the execution of that document?

"Mr. Sumner: Your Honor, please, I object to that on the grounds it is irrelevant and immaterial, and I object to the form of the question as invading the province of the jury.

"The Court: Overruled.

"A Yes, I do have an opinion. Q (By Mr. Herd) Will you state what that opinion is? A I have the opinion that he was competent to sign that will.

"Mr. Herd: I have no further questions."

However, there was no motion to strike and contestants may not now complain. Other witnesses asked the same questions did answer properly that in their opinion testator was of sound mind and such testimony is authorized. See cases cited West's Missouri Digest, Evidence, ⊜501 (3); 20 Am.Jur. 713, Evidence, Secs. 852–853; 32 C.J.S. Evidence, Sec. 546(32), p. 182. We hold there was no prejudicial error of the court in connection with the testimony of this witness.

■ Contestants next complain (Point II) of Instructions 3, 5, 8 and 9 saying: "These instructions all call for the Jury to determine that the decedent was of 'sound and disposing mind' and led them to believe that once having found that decedent was of sound and disposing mind he automatically contained and possessed the testamentary capacity to make a valid will. * * * The question of decedent's dis-

posing memory was also a factor to be found by the Jury." Contestants cite Turner v. Anderson, 236 Mo. 523, 139 S.W. 180; Bensberg v. Washington University, 251 Mo. 641, 158 S.W. 330, and Sturm v. Routh, Mo.Sup., 373 S.W.2d 922, 928. We note that Instruction 4 did require a verdict for contestants if the jury found testator "was not of sound and disposing mind and memory." Furthermore, Instruction 5 in defining "sound and disposing mind" included the requirements "mind enough to understand the ordinary affairs of life, the kind and extent of his property, who are the natural objects of his bounty, and that he is giving his property to the persons mentioned in his Will." These are essential elements stated as required for "mind and memory" in the cases cited; and if contestants desired a more detailed statement, they should have offered an instruction doing so. We hold there was no prejudicial error in giving these instructions.

■ Contestants' Point III claims error in the verdict forms submitted saying they required "finding by the Jury in favor of the proponents or else in favor of the contestants" instead of "of the validity or invalidity of the paper writing submitted to them as the Will of the testator." We find no merit in this claim and note that the verdict of the jury was as follows: "We, the undersigned jurors in the above-entitled cause, find the issues in favor of the Defendants-Proponents and find that the instrument in writing offered in evidence dated the 5th day of December, 1962, purporting to be the Last Will and Testament of James M. Roche, deceased, is the Last Will and Testament of James M. Roche, deceased."

■ Contestants' final Point VI is that it was improper to try this case by a jury because Sec. 473.083, RSMo V.A.M.S., provides in Sec. 1: "* * * an issue shall be made of whether the writing produced is the will of the testator or not, which shall be tried by a jury, or if neither party require a jury, by the court." They say the record does not show a request for a jury by either party so "an application of this statute requires that the jury verdict was of no effect, and therefore should be held for naught." However, since all parties went ahead with a trial by a jury without objection, a trial by the court was waived.

The judgment is affirmed.

All concur.