Robert M. STEVENS and Ruth Stevens, Appellants,

v.

WETTERAU FOODS, INC., and Dale Matthews, Respondents.

No. KCD 26387.

Missouri Court of Appeals, Kansas City District.

Nov. 5, 1973.

Edwards, Seigfreid, Runge & Hodge, Inc., James W. Seigfreid, Mexico, for appellants.

Alex Bartlett, Hendren & Andrae, Jefferson City, for respondents.

Before SHANGLER, P. J., and WASSERSTROM and SWOFFORD, JJ.

SHANGLER, Presiding Judge.

Plaintiffs husband and wife brought their petition against defendants driver and owner, under *respondeat superior*, for personal injury to the husband and for the consequential loss of services to the wife. Plaintiff husband by arm signals had assisted defendant driver in backing his tractor-trailer along a slight declivity to the side door of the grocery store where plaintiff was employed. In the course of this maneuver, plaintiff's right arm was pinned between the rear of the truck and the wall of the building. The defendant driver, who had already dismounted from the truck, became aware of plaintiff's predicament and promptly undertook to extricate him by releasing the brakes and pulling the tractor-trailer unit forward. Plaintiffs claim injury when the truck rolled back against the husband's arm already pinned. Their submitted theory of recovery was the humanitarian negligence of defendants. The jury returned a verdict in favor of defendants, and plaintiffs appeal.

Appellants assert in their brief that their motion for new trial was erroneously denied by the trial court because: 1) the jury verdict was against the weight of the evidence, 2) [unspecified] admissions of the defendant driver were binding on the defendant employer and 3) it was error for defendants' counsel to argue contributory negligence as a defense to the humanitarian submission. Respondents justly complain that these three points, abstractly stated, do not describe wherein and why the rulings of the trial court were erroneous, therefore, do not meet the requirements of Rule 84.04(d), V.A.M.R. and present nothing for review. Stanziale v. Musick, 370 S.W.2d 261, 265[2, 3] (Mo. 1963).

Appellants' first point, moreover, had it been stated with particularity, could raise nothing for review. An assignment that the verdict is against the weight of the evidence presents a matter which is for the trial court alone. Wilcox v. Coons, 362 Mo. 381, 241 S.W.2d 907, 917[25] (banc 1951). An appellate court does not weigh the evidence. It is only when there is a complete absence of probative fact to support a verdict that an appellate court will interfere. Martin v. O'Connor, 406 S.W.2d 41, 42[3] (Mo.1966). Appellants' second point does not describe which of the statements of the defendant employee constitute admissions, nor how they bind the defendant employer; nor does it show the proper legal effect to be accorded the admissions, the effect given them by the court, and why this judicial action was erroneous.

The abstractions of points one and two are given sufficient particularity in the argument portion of appellants' brief, however, as to permit a review of those issues. The contention emerges that in the course of his trial testimony defendant driver judicially admitted humanitarian negligence, and that since he was then "testifying for" his employer—the defendant owner—as well as for himself, his testimony was within the scope of his authority and thus binding on his employer. Appellants conclude that defendants have thereby admitted the right of appellants to recover damages and, therefore, a verdict which denies

them damages is not supported by substantial evidence.

It is an established principle in our jurisprudence that "a party's testimony on the stand as a witness may be of such a nature as to have the effect of a judicial admission which not only relieves the opponent from adducing evidence, but precludes the party himself from disputing it . . . Thus, if a party in full possession of his mental faculties testifies unequivocally and understandingly to a material fact peculiarly within his own personal knowledge, which negatives his right of action or defense, he is precluded from relying upon any testimony to the contrary, unless he gives some reasonable explanation of his previous statement as having been the result of mistake, oversight, lapse of memory or misunderstanding . . . Where, however, the testimony of a party is not a positive statement of fact within his own knowledge, but is a mere estimate or opinion, it does not have the effect of a judicial admission. This is especially so as to the circumstances of an accident or similar event, because in such a case the party's testimony is subject to inexactness of observation and memory." Burris v. Kansas City Public Service Co., 226 S.W.2d 743, 747[1–4] (Mo.App.1950); Hecker v. Schwartz, 426 S.W.2d 22, 25 (Mo.1968).

Appellants point to this testimony of the defendant driver, which describes his conduct after he had become aware of plaintiff husband's position of inextricable peril, as constituting a judicial admission of negligence:

Q. Now, during this process of releasing the brake did the truck move back any according to your knowledge?

A. If the truck moved back, it was so little I didn't notice it.

Q. There was a decline down towards the building, wasn't there.

A. Yes.

Q. You knew that, didn't you?

A. Yes.

Q. Now, you have your tractor-trailer back and you were told that there was a man pinned back there, isn't that correct?

A. Yes.

Q. You are an experienced truck driver?

A. Yes.

Q. Now, you had the brakes on that trailer locked, didn't you?

A. Yes.

Q. And you could lock the brakes on that trailer and put forward power on that tractor and keep that tractor-trailer from moving backwards, couldn't you?

A. Yes, its possible.

Q. Now, if you started the tractor and released the brakes before you had full power on, that trailer on that incline would have rolled backwards, isn't that correct?

A. Yes.

Q. If a man's arm was already pinned behind that trailer, you knew that any distance that it came back might crush him, didn't you?

A. Yes.

Q. So if that man was not crushed before you backed in, and as a result of your getting back into the tractor and your handling of it he was crushed and then that trailer moved backwards, isn't that the case?

A. Apparently, it moved back a little bit.

Q. You could have prevented it from moving back with safety to yourself and equipment, couldn't you?

A. Yes, it could have been done. It wasn't an impossibility.

Q. You could have chocked up the wheels to keep it from rolling back as an additional precaution, couldn't you?

A. Yes, sir.

Q. You could have put a board behind the trailer between the trailer and the building to protect the man's arm, couldn't you?

A. Yes.

Q. Did you go back and survey the situation to determine what the situation was before you got in the tractor and released the brake?

A. No.

■ Appellants appear to argue that this testimony is a judicial admission of liability by the defendant driver in that, although there were several means open to him to prevent the truck from rolling backwards against the hapless plaintiff, the means he actually used resulted in such a movement of the vehicle. While this testimony concedes that the defendant driver could have safely extricated plaintiff by releasing the brakes on the trailer after full power was applied to the tractor, or by chocking the wheels, or by inserting a board between the trailer and the building, it does not concede that either wheel chocks or boards were then available as means for preventing injury to the plaintiff, or that defendant driver did not exercise due care in pulling the truck away as he did. And even if, as appellants assume, this testimony is to be understood as admitting that the truck moved backwards when the defendant driver released his brakes, it was not a judicial admission of negligence [see, Venditti v. St. Louis Public Service Co., 360 Mo. 42, 226 S.W.2d 599, 603[11] (1950)] but raised a question for the jury whether under all the circumstances defendant driver did all that a careful and prudent person would have done to avoid injury to the plaintiff. Bougeno v. Thompson, 499 S.W.2d 506 (Mo. banc 1973).

■ The essential elements of actionable negligence include: the existence of a duty on the part of the defendant to protect the plaintiff from injury, failure of the defendant to perform that duty, and injury to the plaintiff resulting from such failure. Wise v. Towse, 366 S.W.2d 506, 510[5, 6] (Mo.App.1963); 65 C.J.S. Negligence § 2(1). If we were to assume arguendo, therefore, that the cited testimony is a judicial admission by defendant driver of a breach of his duty of care to plaintiff and was made in circumstances that would bind his employer also [but see, e. g., State ex rel. Kroger Company v. Craig, 329 S.W.2d 804[6, 7] (Mo.App.1959) and Roush v. Alkire Truck Lines, Inc., 299 S.W.2d 518[18] (Mo.1957)], it is not a confession of plaintiff husband's cause of action, and thus his injury, as appellants contend. It was the trial contention of plaintiff husband that although he experienced pain in the right arm when it was pinned between the trailer and the building, the arm was not injured until the defendant driver permitted the truck to roll back against him. The injury was diagnosed by his physician as a crush of the right forearm with resultant tear of a muscle sheath. The arm was placed in a splint and rested for three weeks. Plaintiff returned to work three weeks and three days after the injury and has worked ever since. The physician evaluated the disability to the forearm at from ten to fifteen per cent. He found no resultant loss of muscle strength, or of motion, or of nerve function, or of injury to the bone. Under the evidence the jury could have found that plaintiff was injured by the initial impact, before defendant driver's duty of care arose under plaintiffs' theory of recovery. Appellants' points one and two are denied.

■ We have already determined that appellants' third point—"[t]o argue contributory negligence as a defense to a humanitarian submission is reversible error"—violates Rule 84.04(d) and presents nothing for review. We undertake review nonetheless because, as with the preceding

points, the argument clarifies the particular trial error intended for determination. Appellants complain they were prejudiced by this jury argument:

> Now, the fact of the matter is that Mr. Stevens was back there. He hadn't been asked to be back there, and he stuck his arm out. Now, it was evidently pinned in there when the truck first came back. When the injury occurred, I don't think we can really say. Mr. Stevens says it was more painfull afterwards and this may well have been; but it was in there tight enough that he couldn't pull his arm out. We know that. Or at least I think he would have pulled his arm out if he could have. But what I am saying is that he was there, volunteered; he was just standing there with his arm out.

Appellants contend that this was an argument of antecedent negligence not properly available to defendants in a humanitarian submission and prejudicial to appellants. While contributory negligence is not a defense to a humanitarian recovery [McCall v. Thompson, 348 Mo. 795, 155 S.W.2d 161, 166[4–7] (1941)], appellants made no objection at the trial to the closing argument they now find offensive and thereby waived its prejudicial effect. Gilmore v. Union Construction Company, 439 S.W.2d 763, 767[7] (Mo.1969). Notwithstanding, appellants contend that this jury argument was plain error and may be reviewed under Rule 79.04 to avoid prejudice which would otherwise result to them. The plain error rule, however, is not a refuge for the maladroit or neglectful. Our appellate courts have on rare occasions granted new trials under the plain error rule where the jury argument was calculated to arouse hatred and prejudice against a party or witness and thus tended towards a miscarriage of justice. Calloway v. Fogel, 358 Mo. 47, 213 S.W.2d 405, 409[4] (1948); Leaman v. Campbell 66 Express Truck Lines, Inc., 355 Mo. 939, 199 S.W.2d 359, 365 (1947); Critcher v. Rudy Fick, Inc., 315 S.W.2d 421, 427[2–4] (Mo.1958). Whatever error inhered in the jury argument of defendants, however, could have been removed by timely and sufficient objection and request to the trial court for appropriate corrective measures. Gilmore v. Union Construction Company, *supra*, l.c. 766[4–7] of 439 S.W.2d. The interest of justice does not require the review or relief requested.

The judgment is affirmed.