Mary Opal RICE, Plaintiff-Respondent,

v.

George F. HALTOM et al., etc.,
Defendants-Appellants.

No. 41163.

Missouri Court of Appeals,
Eastern District,
Division One.

May 6, 1980.

Ernest L. Keathley, Jr., St. Louis, for defendants-appellants.

Frank Bild, Bild & Patton, St. Louis, for plaintiff-respondent.

SNYDER, Judge.

This appeal arises from an action by respondent Mary Opal Rice to contest the August 22, 1977 will of her daughter, Gloria P. Skinner, on the grounds of mental incapacity and undue influence. Appellants, George F. Haltom, individually, and as executor of the Estate of Gloria P. Skinner, deceased, are the proponents of the will. George F. Haltom is Gloria P. Skinner's son.

A jury found the August 22, 1977 document to be the last will and testament of Gloria P. Skinner, but the trial court granted respondent's motion for a new trial, on the ground that it was error to exclude the opinion testimony of respondent's expert witness, a neurologist, as to whether testatrix was of sound and disposing mind and memory and was competent to execute a will at the time the will was executed. The appeal followed.

The admissibility of the neurologist's expert testimony is the only question for decision. Recognizing this the parties filed a partial transcript including only the neces-

sary record and the testimony of the neurologist, Dr. Gary Myers.

At the time of the execution of the will testatrix was 52 years of age and was afflicted with lung cancer which had metastasized. She had been taking various drugs, including valium four times a day, tylenol-codein three times a day, brethine, lasix, robitussin with codein and others. Dr. Myers had never seen the testatrix, and his testimony was based on hypothetical questions which incorporated the facts in evidence as to the testatrix's disease and drug intake. In response to a question by counsel, Dr. Myers testified that "she would be somewhat confused, even disoriented, with the amount of drugs and the disease that she has." Dr. Myers was also asked whether a person under such circumstances would be "of a sound and disposing mind and memory," and he stated that she would not be of a sound mind. However, when counsel asked Dr. Myers whether he had an opinion, based on all the facts in evidence, "whether an individual such as I have described before, is of sound and disposing mind and memory" an objection was made and sustained. The court also sustained an objection to the question, "[D]o you have an opinion, based upon reasonable medical certainty, as to whether or not such an individual on August the 22nd was competent to execute a Last Will and Testament?" Both questions were objected to on the grounds that they called for a legal conclusion and invaded the province of the jury. Respondent made offers of proof after each objection, which were denied.

█ Appellants contend the trial court erred in granting a new trial, because its original ruling excluding Dr. Myers' opinion testimony was correct. They argue that the opinion testimony went to the ultimate issue in the case, invaded the province of the jury, and therefore was inadmissible. Appellants' point is well taken.

There is divided authority among the states on the question of whether a medical expert may give his opinion in answer to a direct inquiry asking him if the testator was competent to execute a will. Missouri cases follow the rule that such testimony is not admissible because it is an opinion on the question directly in issue and invades the province of the jury. *Baptiste v. Boatmen's Nat. Bank of St. Louis*, 148 S.W.2d 743, 744[1–2] (Mo.1941).

The most recent case on this issue is *Hesse v. Wagner*, 475 S.W.2d 55 (Mo.1971). In that case counsel hypothesized facts in evidence for a neurologist and then asked, "and, she was capable of executing solemn documents such as a will?" *Hesse, supra*, 59[2]. The court on appeal held that "the question was improper, for the necessary answer, yes or no, constituted the very thing that the jury was to decide." *Hesse, supra*, 59[2]. *Gillmore v. Atwell*, 283 S.W.2d 636 (Mo.1955); *Baptiste v. Boatmen's Nat. Bank of St. Louis, supra*. See also *Gardine v. Cottey*, 360 Mo. 681, 230 S.W.2d 731, 745 (banc 1950); *Martin v. O'Connor*, 406 S.W.2d 41, 43 (Mo.1966); *Rothwell v. Love*, 241 S.W.2d 893, 896 (Mo. 1951).

Respondent contends that the opinion as to the effect and interaction of drugs spoke to matters beyond the knowledge and experience of the jurors, and therefore, the opinion testimony should have been part of the evidence to be submitted to the jury. She cites *McKinley v. Vize*, 563 S.W.2d 505 (Mo. App.1978) in support of her contention that in areas of medical cause and effect it is insufficient to say that an opinion invades the province of the jury. In that case, a dentist performing oral surgery was sued for failure to inform the anesthetist about the patient's asthmatic condition. Not knowing of the asthmatic condition, the anesthetist administered to the patient a drug which constricted his bronchials, allegedly causing a cardiac arrest from which the patient died. The plaintiff's expert witness, a specialist in the field of anesthesiology, was asked whether the dentist's failure to tell the anesthetist of the decedent's asthma directly contributed to his death. The appellate court held that this was a proper question and did not invade the province of the jury. In so holding, the court stated that "an opinion, which is evi-

**250**

dence, cannot invade the province of a jury in a strict sense, and this is so 'even though the opinion is upon the very issue to be decided' [citing *Eickmann v. St. Louis Public Service Co.*, 363 Mo. 651, 253 S.W.2d 122, 130 (1952)]." *McKinley v. Vize, supra*, 510.

This is not the law in regard to expert testimony as to capacity to make a will, however. This court is bound by the Missouri Supreme Court decisions in the *Gillmore* and *Hesse* cases which are factually on point. Moreover, the *McKinley* court then went on to distinguish *Gillmore v. Atwell, supra*, which was cited by appellant in *McKinley, supra*, by saying the opinion testimony requested in *Gillmore* was on a question of law. The question in *McKinley* was one of fact and causation. Accordingly, this point is ruled in appellants' favor.

None of the other cases cited by respondent in support of the admission of Dr. Myers' questioned testimony are controlling or even persuasive. All are factually distinguishable from the case under review and none involved a will contest.

Respondent's claim that the trial court had discretion to permit Dr. Myers to testify as to whether decedent was of sound and disposing mind and memory or was incompetent to execute a will needs little discussion. A trial court indeed has broad powers of discretion in determining whether a witness qualifies as an expert and the necessity for admission of expert testimony. *Yocum v. Kansas City Public Service Company*, 349 S.W.2d 860, 864[1] (Mo.1961). The discretion extends to the qualifications and necessity for the testimony, however, not to the admissibility of specific answers, such as those in question, which have been held inadmissible by the controlling Missouri cases.

Respondent's argument that the testimony should have been admitted because it was subject to clarification by cross-examination must also be held meaningless. It is true that trial courts have wide discretion in determining the extent and scope of cross-examination, particularly of expert witnesses, *Stafford v. Lyon*, 413 S.W.2d 495,

498[6–9] (Mo.1967), but the discretion does not extend to allowing otherwise inadmissible testimony on direct examination.

The judgment is reversed and the cause remanded with instructions to reinstate the jury verdict.

STEWART, P. J., and SIMON, J., concur.