Paul D. **PENBERTHY**, Plaintiff-Respondent,

v.

Charles **PENBERTHY**, Defendant-Appellant.

No. 34793.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 18, 1973.

Motion for Rehearing or Transfer to Court En Banc to Supreme Court Denied Jan. 11, 1974.

Application to Transfer Denied March 11, 1974.

Dearing, Richeson, Roberts & Wegmann, Hillsboro, for defendant-appellant.

Roberts & Roberts, Farmington, for plaintiff-respondent.

KELLY, Judge.

This is an appeal from a judgment of the Circuit Court of Jefferson County ren-

dered on a jury verdict in favor of plaintiff and against his brother, the defendant, in the sum of $17,000.00 for personal injuries and special damages. The parties shall hereinafter be referred to as they were in the trial court, i. e., Paul D. Penberthy as "plaintiff" and Charles Penberthy as "defendant."

The facts are not in dispute; it is the legal principles involved which form the basis of this appeal.

On December 27, 1970, plaintiff, his wife and Michael Penberthy, brother of both the plaintiff and the defendant (and who shall hereinafter be referred to as "Michael") drove to defendant's farm on Lee Pyle Road in the vicinity of DeSoto, Missouri. They arrived at the farm sometime shortly prior to noontime. After partaking of lunch, defendant advised both plaintiff and Michael that he was going out to cut some brush at a lake he was developing on his farm. It was the custom of these brothers, whenever they visited each other, that they would assist their host in any chores he might be undertaking while they were present. Plaintiff and Michael volunteered to help the defendant in this work and he accepted their offer. The work he was going to perform was the removal of some limbs on a tree which was standing in a brush pile where the proposed lake was to be situated so that said limbs would not extend above the waterline of the lake. After gathering the necessary tools, the three brothers went to the location of the proposed lake and plaintiff and defendant proceeded to climb to the top of the brush pile—the top of which was 10 to 15 feet above the surface of the ground—and Michael remained on terra firma. Defendant had with him a chain saw with which he intended to saw the limbs off of the tree. Plaintiff would hold the tree limbs as defendant sawed through them with the chain saw, and when the limb was severed from the tree he would lower the limb to Michael who would in turn put it around the brush pile on the ground surface. Several limbs were sawed from the tree—

"three or four"—by the defendant with the assistance of the plaintiff and throughout that time both parties were standing on the brush pile and enjoyed "sound footing," and neither had experienced any difficulty maintaining his balance. While plaintiff was looking around for more limbs to cut, defendant, with both hands holding the chain-saw, commenced sawing another limb from the tree. At this time defendant's back was to the plaintiff so that plaintiff could not observe the progress of the chain-saw through the limb because defendant's body blocked his view. The chain-saw cut through the tree limb more rapidly than defendant expected, causing him to lose his balance and start falling forward. Defendant, in his effort to avoid falling forward off the brush pile, went backwards, lost his balance in that direction, fell against plaintiff and both plaintiff and defendant fell from the top of the brush pile to the ground below. It all happened so quickly that defendant could not warn plaintiff. As a result of the fall from the brush pile plaintiff sustained a surgical fracture of the neck of the left femur.

Plaintiff submitted his case to the jury in Instruction No. 4 on the theory that the defendant was negligent in that he "did fail to secure his position." Defendant submitted his theory of contributory negligence in Instruction No. 7, which told the jury that whether or not defendant was negligent it should return a verdict for defendant if "Plaintiff knew or by using ordinary care for his own safety could have known that defendant in cutting branches with the chain-saw could lose his balance and fall against him and knock him from the brush pile," and plaintiff "failed to use ordinary care *to secure himself on the brush pile* so that he would not be knocked therefrom or failed to keep a lookout in regard to the cutting operation." (Emphasis supplied).

Defendant contends that the trial court was guilty of the following trial errors which require that the judgment be re-

versed outright or the cause remanded to the trial court with instructions to sustain the defendant's motions for directed verdict at the close of the plaintiff's case and at the close of all of the evidence because the plaintiff failed to make a submissible case; or, if this Court finds that the plaintiff did make a submissible case, then the judgment should be reversed and the cause remanded for a new trial because of error in the plaintiff's verdict director, Instruction No. 4, and error in failing to sustain objections to statements made by plaintiff's counsel during his final summation to the jury.

Point I of defendant's contentions is that the evidence and reasonable inferences to be derived therefrom failed to prove (a) that the defendant, in conducting his activities on his premises, had knowledge of an unreasonable harm to plaintiff of which plaintiff did not or could not know; (b) that plaintiff was unaware of the risk of harm or that plaintiff lacked knowledge of the danger in the conduct by defendant of his activities; and (c) that the negligence, if any, was the proximate cause of plaintiff's injuries.

The thrust of defendant's argument in support of subpoints (a) and (b) is that plaintiff was at best a "gratuitous licensee" on the premises of the defendant and therefore the only duty the defendant owed him was to carry on his activities with reasonable care for plaintiff's safety. That an essential element of plaintiff's claim is the knowledge of defendant that his activities involve a 'risk of harm' to plaintiff and that defendant has a 'superior knowledge' of an unreasonable risk of harm to plaintiff involved in the activities conducted on his premises.

■■ While the Missouri law recognizes a distinction between invitees, licensees and trespassers with respect to the duty owed them by the landowner, the significance of status largely disappears once the presence of the visitor becomes known and a uniform duty, that of reasonable care, is owed to each as to the activities conducted on the premises. Cunningham v. Hayes, 463 S.W.2d 555, 559 [3] (Mo.App.1971). In any event, an owner-occupier is liable to either a licensee or an invitee for active negligence, i. e., negligence in connection with activities conducted on the premises. Cupp v. Montgomery, 408 S.W.2d 353, 356 [2] (Mo.App.1966).

■ In determining whether a submissible case was made, the evidence must be viewed in the light most favorable to the plaintiff, who is entitled to all favorable inferences which might properly be drawn from the evidence by the jury. Zipp v. Gasens Drug Store, Inc., 449 S.W.2d 612, 616 (Mo.1970). The only evidence in this case came in during plaintiff's case. The defendant offered none but chose to stand on his motions for directed verdict, because the defendant was called and testified during the plaintiff's case.

■ The evidence is uncontradicted that the plaintiff was as aware of the nature of the brush pile on which both he and defendant were working as was the defendant. They both had "solid footing" and neither had taken any steps to secure himself on the brush pile although plaintiff had obtained some security by holding onto the limbs as defendant sawed them from the tree trunk. However, as the defendant sawed through the final limb his body concealed from the plaintiff the manner in which he handled the chain-saw, and there is no evidence whatsoever that the plaintiff saw or could have seen whether defendant had secured his position. Defendant knew that he had not, for he held onto the chain-saw with both hands as he sawed through the limb. In this respect defendant had superior knowledge that he had not secured his position on the brush pile as he proceeded to cut down through the tree limb. By his own testimony, it was his sawing through the limb with the chain-saw while still putting weight on the chain-saw and the limb and not taking precautions to see to it that he did not cut

through the tree limb so that the force of gravity would pull him forward and cause him to lose his balance, which the jury, as reasonable men, could find was a violation of the duty of reasonable care owed the plaintiff. Plaintiff was not required to foresee defendant's negligence; he had a right to expect that the defendant would conduct the limb-cutting operation with ordinary care for the plaintiff's safety. Williamson v. St. Louis Public Service Co., 363 Mo. 508, 252 S.W.2d 295, 299 (1952).

We conclude that the plaintiff made a submissible case.

■ Defendant also contends that his failure to secure his position was not established as the proximate cause of plaintiff's injuries. Again he contends that the plaintiff failed to prove how defendant could have secured himself, or even if he had, how that would have prevented the injury plaintiff sustained. He inquires: "Would the 'security' have prevented the saw from going through the limb too fast?" Secure means, "to return from exposure to danger, to make safe," Webster's Third New International Dictionary, 1971. We have held above that the jury could have found from the evidence that the defendant could have secured his position. "Proximate cause" is any cause which in natural and continuous sequence, unbroken by any intervening cause, produces the result complained of and without which the result would not have occurred. King v. Ellis, 359 S.W.2d 685, 688 [2] (Mo.1962); Coates v. De-Woskin, 379 S.W.2d 146, 148 [6] (Mo. App.1964). Generally, an efficient intervening cause is a new and independent force which so interrupts a chain of events that it becomes the responsible, direct, proximate and immediate cause of the injury. Dickerson v. St. Louis Public Service Co., 356 Mo. 738, 286 S.W.2d 820, 824 [2] (banc 1956). In order for an act to constitute the proximate cause of an injury, some injury, if not the precise one in question, must have been foreseeable. To determine this issue, the question is: could

the defendant reasonably anticipate that some injury to the plaintiff was probable if he stood on the brush pile holding the chain-saw in both hands and, without making some effort to secure his position on the brush pile, leaned on the tree limb with the chain-saw and cut down through it so that he could lose his balance when the saw went through the limb? We believe that under the facts of this case, this issue was a jury question. Westborough Country Club v. Palmer, 204 F.2d 143, 150 [15] (8th Cir. 1953).

■ With respect to defendant's contention that plaintiff was guilty of contributory negligence as a matter of law, we do not agree. His contributory negligence, if any, was a matter for the jury to resolve. The issue of contributory negligence is always a jury question unless, from the evidence and all inferences fairly deducible therefrom viewed in the light most favorable to the plaintiff, the only reasonable conclusion possible is that the plaintiff is guilty of negligence which is the proximate cause of his injury. Dalby v. Hercules, Inc., 458 S.W.2d 274, 278 [1] (Mo.1970).

Plaintiff's third point is directed against plaintiff's verdict director instruction, Instruction No. 4, which read as follows:

"Your verdict must be for plaintiff if you believe:

First, defendant did fail to secure his position, and

Second, defendant was thereby negligent, and

Third, as a direct result of such negligence plaintiff sustained damage, unless you believe plaintiff is not entitled to recover by reason of Instruction No. 7."

Plaintiff submitted this Not-in-MAI Instruction and defendant contends that it is prejudicially erroneous because (a) it did not hypothesize all essential elements of plaintiff's right to recovery and (b) it failed to hypothesize sufficient ultimate

facts so as to properly instruct the jury as to the law of the case.

With respect to his first sub-point, it is defendant's position that the failure of this instruction to require the jury to find that the defendant's lack of knowledge of the risk of harm or defendant's superior knowledge that his activity on his land involved an unreasonable risk of harm to the plaintiff omitted an essential element of plaintiff's case.

■ Plaintiff chose not to submit MAI 22.03—Verdict Directing—Invitee Injured. He takes the position that MAI 22.03 is an instruction in a case where plaintiff seeks to recover as an invitee for injuries sustained because of conditions of the land and has no applicability to a case of active negligence as in this case. A reading of the MAI instruction demonstrates that it is directed towards submission of negligence arising out of a condition of the land or the premises of an owner-occupier. Nevertheless, where there is no applicable MAI instruction and plaintiff submits a Not-in-MAI instruction said instruction must include all of the essential elements of his cause of action. Brozovich v. Brozovich, 429 S.W.2d 330, 333 (Mo.App. 1968).

Plaintiff's position is that since this is a case based upon the active negligence of the defendant landowner and not one founded upon a dangerous condition of the land, an instruction in the form of MAI 17.00 series (Motor Vehicles) and MAI 21.00 series (Malpractice) is more applicable as a model in the preparation of his verdict director in this case.

The elements of plaintiff's case according to the defendant are: 1) plaintiff's presence on the defendant's premises as a social guest or gratuitous licensee; 2) conduct of an activity by the defendant which caused plaintiff's injuries; 3) defendant's knowledge of a risk of harm to plaintiff in the conduct of defendant's activities on his land; 4) lack of knowledge on the part of the plaintiff of the risk of harm in the

conduct of defendant's activities on his land; 5) defendant's failure to conduct his activities with ordinary care for the safety of plaintiff either by commission or omission; and 6) that defendant's failure to exercise ordinary care with respect to the activities aforesaid proximately caused plaintiff's injury.

■ We believe that in view of what we have decided on the issue of submissibility plaintiff's status was not an issue. Cunningham v. Hayes, supra. He most certainly was not a trespasser, and was either a licensee or an invitee; but whatever status he occupied, his presence on the land was known to the defendant and as the Court in Heald v. Cox, 480 S.W.2d 107, 109 [1] (Mo.App.1972) stated in discussing status: "Addressing ourselves first to the question as to the matter of the defendant's legal duty, if any, it is true that the Missouri law recognizes a distinction between invitees, licensees and trespassers. However, as pointed out by Judge Shangler of this Court, in the recent case of Cunningham v. Hayes, Mo.App., 463 S.W. 2d 555, 1.c. 559, these distinctions are vestigial remnants of the historical past which bear little rational relationship to the comple, personal and economic relationships of our modern age. The classifications in question remain important primarily for their recognition of the likelihood of the land possessor anticipating the presence of the visitor. As stated in the Cunningham opinion: 'And once presence becomes known, whether that of an invitee, licensee, or trespasser, the significance of status largely disappears, and a *uniform duty— that of reasonble care—is owed to each as to activities conducted on the premises.*'" (Emphasis supplied). Therefore, plaintiff's status need not be hypothesized in the verdict director; whether licensee or invitee defendant owed him the same duty of reasonable care.

■ Defendant's next contention is the plaintiff's verdict directing instruction failed to hypothesize the knowledge of the

defendant that there was a risk of harm to the plaintiff in the conduct of his activities on the land and further the lack of knowledge of the plaintiff that there was a risk of harm in the activities conducted on the land by the defendant. Cunningham v. Hayes, supra, 463 S.W.2d 555, l.c. 560, designated the negligence therein as active negligence and said: "There is no evidence that the minor plaintiff was imperiled by any condition of the premises. He was injured, as no one doubts, when the raised car fell on him." The negligence upon which this plaintiff's claim is based is indubitably active negligence, and therefore, regardless of plaintiff's status, the defendant owed him a duty of reasonable care as to the activities he conducted on his premises. Cunningham v. Hayes, supra, 463 S.W.2d 555, l.c. 559 [3]. Numerous cases, including Cunningham v. Hayes, supra, have said that no actionable duty is established against a possessor landowner in the absence of evidence that the dangerous condition, although known to the possessor-defendant, was unknown to the plaintiff, and that there is no liability for an injury from a danger which was obvious or as well known to the entrant as to the possessor. A reading of most of these cases cited in support of this statement of elements of actionable negligence involve conditions of the land, and in those instances where otherwise, changes in condition which came about once the visitor was on the premises, where, to avoid the harsh consequences of the rule of law, the change of condition, although coupled with a failure to warn, was held to be "active negligence." [1]

In Sellens v. Christman, 418 S.W.2d 6 (Mo.1967) the plaintiff was injured when a tree which he knew was lodged high in another tree after having been cut by defendant fell some short time after he and others, including the defendant, cut and rocked other trees trying to dislodge them. On appeal, the action of the trial court in sustaining a directed verdict for the defendant at the close of plaintiff's evidence on the grounds that the plaintiff had entirely failed to establish that the accident was in some way the fault of the defendant and the evidence showed that the plaintiff himself was at fault, was affirmed. The court held that although the plaintiff was an invitee and the duty owed him was that of ordinary care to prevent his injury, that nevertheless the inviter is under no duty to protect an invitee who is in an equal position to protect himself, and where the danger is obvious or known to the invitee he consents to the risk and the inviter owes no duty. The basis of liability is the absence of knowledge of the dangerous condition on the part of the plaintiff. The negligence, if any, in Sellens was held to be passive and not active negligence because the plaintiff was the one who cut the tree within which the first tree was lodged and "having helped create the danger, and knowing of it, cannot escape those facts." Sellens v. Christman, supra, 418 S.W.2d l.c. 9. These cases can be distinguished on their facts.

In Anderson v. Welty, 334 S.W.2d 132 (Mo.App.1960) the plaintiff, a farmer, was attending a cattle auction at defendant's sale barn and after delivering some cattle for sale went to see if his cattle were properly separated. En route he came upon some acquaintances in an alley running from the sale ring to the cattle and hog pens and while engaging them in conversation was injured when some cattle in the care of one of defendant's agents were driven down the alley. Declining to categorize the plaintiff as either a licensee or invitee, but for the purposes of the case assuming that he was a licensee, the court said, 334 S.W.2d l.c. 136:

" ' "It is now generally held that in cases involving injury resulting from *active conduct*, as distinguished from conditions of the premises, the landowner or pos-

1. Cupp v. Montgomery, supra; Stafford v. Wolferman, Inc., 307 S.W.2d 468 (Mo.1957); Ilgenfritz v. Missouri Power & Light Co., 340 Mo. 648, 101 S.W.2d 723 (banc 1937).

sessor may be liable for failure to exercise ordinary care towards a licensee whose presence on the land is known or should reasonably by known to the owner or possessor." ' "

And, since plaintiff was not endangered by the physical condition of the premises but only because defendant's employee drove cattle into the alley without prior warning, this coupled with the failure to warn made a submissible case. Nothing was said in Anderson about the requirement that in a case of active negligence the superior knowledge of the defendant or the lack of knowledge of the plaintiff is a necessary element of plaintiff's submissible case. See also Heald v. Cox, supra.

■ We hold therefore that lack of knowledge or superior knowledge on the part of the defendant was not under the evidence in this case an element of plaintiff's verdict directing instruction, and therefore rule this contention against the defendant.

Does plaintiff's verdict director hypothesize sufficient ultimate facts? Civil Rule 70.01, V.A.M.R., provides that when there is no applicable MAI Instruction so that an instruction not in MAI must be given, then such instruction shall be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts. Defendant argues that the ultimate facts which caused the plaintiff to fall and be injured were numerous and therefore they had to be hypothesized in the instruction. Plaintiff retorts that defendant by his own testimony admits he did not secure his position on the brush pile; that defendant was not required to cut the tree limb and when he undertook to do so he should have done so in the exercise of ordinary care, and secured his position. He avers that his instruction submits the ultimate fact.

■ What is or is not an ultimate fact which must be submitted in a Not-in-MAI instruction has so far eluded definition in precise terms by the courts of this State. Distinction between what is an ultimate fact which must be submitted in a verdict directing instruction and what are evidentiary facts which, in detailed fashion, are not to be included have been examined on a case by case basis. In Zipp v. Gasen's Drug Stores, Inc., 449 S.W.2d 612, 617 [2] (Mo.1970) the court said that the clear purpose of the new method of instructing juries was to submit ultimate issues, not evidentiary details. Therefore, any plaintiff drafting an instruction is subject to the requirement that the instruction submit only the ultimate factual issues, be within the general scope of the pleadings, not assume issuable facts, and be understandable by a reasonably intelligent jury.

We are, however, faced with a situation where the defendant in submitting his defense of contributory negligence incorporated as a bar to the plaintiff's recovery in the case the following, Instruction No. 7:

"Your verdict must be for defendant whether or not defendant was negligent, if you believe:

First, defendant was on a brush pile using a chain-saw and cutting branches from a tree, and plaintiff was on the same brush pile assisting defendant by discarding the branches after they were severed, and in cutting a branch with the chain saw defendant lost his balance and fell against plaintiff, knocking plaintiff from the brush pile, and

Second, plaintiff knew or by using ordinary care for his own safety could have known that defendant in cutting branches with the chain saw could lose his balance and fall against him and knock him from the brush pile, and

Third, plaintiff failed to use ordinary care *to secure himself* on the brush pile so that he would not be knocked therefrom or failed to keep a lookout in regard to the cutting operation, and

Fourth, as a direct result of such failure, plaintiff was injured.

The term 'ordinary care' as used in this instruction means that degree of care that an ordinary (sic) careful and prudent person would use under the same or similar circumstances. MAI 32.01 22.03 11.05 Modified (Defendant.)" (Emphasis supplied.)

 Having adopted the same form of expression—to-wit: "failed to use ordinary care to secure himself"—in his contributory negligence instruction as one of two specific charges of contributory negligence which would bar plaintiff's recovery, he cannot now be heard to complain that the plaintiff followed the same course. Schaaf v. St. Louis Basket & Box Co., 151 Mo. App. 35, 131 S.W. 936, 939 [3] (1910).

▮ Defendant's final point concerns statements made by plaintiff's counsel during his final summation. During defendant's summation he had argued that the defendant had a right to cut brush on his property in the way he was doing it, and he challenged the jury to find negligence in the manner in which the defendant was doing it. He argued further that if the defendant was negligent in not securing his position, the plaintiff was also negligent in not securing his position. In response to this argument plaintiff's counsel retaliated by arguing to the jury that "Mr. Wegman says he has a right to cut trees the way he wants to. That's right, if he doesn't hurt anybody else. I have the right to drive an automobile the way I want to within the rules and regulations, but if I hurt someone, then I have to own up to it . . . I have the right to shoot a gun when I go hunting the way I do. Paul's a hunter. But, if I hurt someone, then that right is diminished, I don't have the right to do that . . . Now, we come back to Charles cutting his tree. I don't think Charles would tell you that he has the right to cut trees, as long as he doesn't hurt Paul. And that's where the right ceases." Defendant's counsel's objections were to the first quoted portion of the argument that the element of negligence was omitted, it was outside the scope of the evidence. Each time this argument was made the same objection was interposed and overruled. We hold that while this argument was improper for omitting any reference to the elements of the duty owed in each instance towards another, that such error was invited by the defendant's argument in the first instance, and was retaliatory in nature.

Having disposed of all of defendant's points upon which he relied for reversal adverse to his contentions we therefore affirm.

DOWD, C. J., and SIMEONE, J., concur.