Dennis SCHEIBEL, Plaintiff-Appellant,

v.

Betty HILLIS et al., Defendants,

Betty Hillis, Defendant-Respondent.

No. 59000.

Supreme Court of Missouri, En Banc.

Jan. 12, 1976.

285

287

SEILER, Chief Justice.

The question presented is whether plaintiff's petition in a case where plaintiff was shot by a third person with a weapon kept by defendant in her house states a claim upon which relief can be granted. The trial court held it did not,[1] which was affirmed by the court of appeals, St. Louis district. We transferred the case on application of plaintiff, Art. V, Sec. 10, 1945 Missouri Constitution. We reverse and remand.

Borrowing the language of the court of appeals reducing the petition to its simplest terms,[2] plaintiff alleges that on or about February 14, 1972, in the residence of defendant Betty Hillis, plaintiff was shot in the right leg with a 12 gauge, single-barrel shotgun, owned by the defendant and fired by one Richard James Joyner; that defendant with full knowledge of prior particular acts of Joyner of a mischievous, wanton and brutal nature, and wanton and willful acts of violence against other persons did keep in her possession said loaded shotgun; that prior to February 14, 1972 defendant notified Joyner of such possession; that said weapon was kept in a place where defendant knew or should have known that Joyner was likely to use it so as to create an unreasonable risk of harm to plaintiff and other persons; that defendant failed to give plaintiff any warning or notice of Joyner's dangerous and violent propensities and character, wanton disposition and threats of which defendant knew or should have known, and of the fact that she kept a loaded shotgun as protection from Joyner; and that as a direct and proximate result of the foregoing negligence and carelessness of defendant, together with Joyner's firing of said weapon at plaintiff with the intention of inflicting great bodily harm and injury, plaintiff suffered severe and painful injuries and other loss and damages.

Joyce P. Hayes, St. Louis, Hayes & Hayes, St. Louis, for appellant.

Kemper R. Coffelt, St. Louis, Heneghan & Roberts, St. Louis, for defendants-respondent.

1. Plaintiff appealed from the final judgment dismissing his petition against defendant Betty Hillis. Plaintiff obtained a $250,000 default judgment against the other defendant, Joyner, who did not appeal.

2. We also use other portions of the court of appeals opinion later herein, without quotation marks.

A petition seeking damages for actionable negligence must allege "ultimate facts" which, if proven, show (1) existence of a duty on the part of the defendant to protect the plaintiff from injury, (2) failure of defendant to perform that duty, and (3) injury to the plaintiff resulting from such failure. *Stevens v. Wetterau Foods, Inc.,* 501 S.W.2d 494, 498 (Mo.App.1973); *Wise v. Towse,* 366 S.W.2d 506, 510 (Mo.App.1963).

A duty to exercise care not only may be imposed by a controlling statute or ordinance or assumed by entering into a contractual relationship, but it may be imposed by common law under the circumstances of a given case. *Zuber v. Clarkson Const. Co.,* 363 Mo. 352, 251 S.W.2d 52, 55 (1952). As to the duty owed to invitees, licensees and trespassers by an owner-occupier of land, the significance of the status largely disappears once the presence of the visitor becomes known, and a uniform duty, that of reasonable care, is owed to each as to the activities conducted on the premises. *Penberthy v. Penberthy,* 505 S.W.2d 122, 126 (Mo.App.1973). Negligence depends upon the surrounding circumstances and the particular conduct involved, because an act or omission which would clearly be negligent in some circumstances would not be negligent in others. *Tharp v. Monsees,* 327 S.W.2d 889, 893–4 (Mo.banc 1959); *Zuber v. Clarkson Construction Co.,* supra, 251 S.W.2d at 55. The circumstances may even be such that an otherwise innocent act will become negligent because of the expectable action of a third person. *Zuber v. Clarkson Const. Co.,* supra at 55. It has been said that where an instrumentality is rendered dangerous to persons rightfully in its proximity by the act of a third person which act might have been reasonably anticipated by the person responsible for the instrumentality, failure to take appropriate precautions to avoid injury constitutes negligence. *Triplett v. Shafer,* 300 S.W.2d 528, 531 (Mo. App.1957); *Zuber v. Clarkson Const. Co.,* supra, 251 S.W.2d at 55. This is true whether the third person's act is innocent, negligent, intentionally tortious or criminal. *Zuber v. Clarkson Const. Co.,* supra, at 55.

The reasonable anticipation of danger is an essential element of actionable negligence; and whether negligence exists in a particular situation depends on whether or not a reasonably prudent person would have anticipated danger and provided against it. *Hodges v. American Bakeries Company,* 412 S.W.2d 157, 162 (Mo.banc 1967); *Price v. Seidler,* 408 S.W.2d 815, 822 (Mo.1966). Restatement (Second), Torts, Sec. 302B, comment e, note D requires that a reasonable man must anticipate and guard against the intentional or criminal misconduct of others where he has brought into contact or association with others a person whom he "knows or should know to be peculiarly likely to commit intentional misconduct, under circumstances which afford a peculiar opportunity or temptation for such misconduct." Factors to be considered in determining whether or not one is required to take precautions in the above described situation include the known character, past conduct and tendencies of the person whose conduct causes the harm, the opportunity or temptation which the circumstances may afford him for such misconduct, together with the gravity of the harm which may result. See Restatement (Second), Torts, Sec. 302B, comment f.

There is a duty "to prevent injury to such persons as may, within the range of reasonable probability, be exposed to injury" from an indiscreet and reckless party with a firearm. *Charlton v. Jackson,* 183 Mo.App. 613, 167 S.W. 670, 671 (1914). With respect to the problem of proximate causation, if the foreseeable likelihood that a third person may act in a particular manner is one of the hazards which makes a person negligent, such an act of a third party, whether innocent, negligent, intentionally tortious or criminal, does not prevent that person from being liable for the harm caused thereby. *Zuber v. Clarkson Const. Co.,* supra, 251 S.W.2d at 55.

The court of appeals concluded plaintiff was endeavoring to allege actionable negligence on the part of defendant Hillis in failing to anticipate and guard against the intentional and criminal misconduct of Joyner and had succeeded in establishing that defendant owed plaintiff a duty of reasonable care at defendant's residence, with which we agree. However, the court of appeals concluded further that facts were not alleged from which it could be found that defendant as a reasonably prudent person should have anticipated the intentional and criminal interference of Joyner; that the allegation that defendant kept a loaded shotgun as protection from Joyner in a place known to him, "with full knowledge of prior particular acts of defendant Joyner of a mischievous, wanton and brutal nature, and wanton and wilful acts of violence against other persons, which acts were likely to result in probable consequence of injury to others" was no more than a conclusion and hence the petition does not authorize a finding that defendant should have reasonably anticipated and guarded against the intervening criminal act of Joyner, that the acts themselves were not described but merely characterized in general adjectival terms, and therefore the petition did not state a cause of action.

We disagree, bearing in mind that in considering the sufficiency of a petition on a motion to dismiss, we are to give the averments a liberal construction and accord the petition those reasonable inferences fairly deductible from the facts stated.

In *Charlton v. Jackson,* supra, plaintiff recovered judgment against a thirteen year old boy and his parents for injuries received when the boy shot plaintiff in the right side with a shotgun while plaintiff was a caller in defendants' home. The petition alleged that the father was negligent in that he permitted his minor son to own and control a shotgun "when he knew the boy was reckless and careless and highly indiscreet" and that the mother, on whom the duty of control devolved in the absence of the father, was negligent, too, in permitting the son, so known by her to be reckless, careless and indiscreet, to possess and control the gun in the absence of the father. There is no indication the petition set forth the basis of the knowledge alleged on the part of the defendant parents, although the evidence was that the boy was reckless, careless, possessed of high animal spirits and without ordinary discretion and that both parents knew that a few days earlier he had pointed the gun at plaintiff and she had remonstrated with him for doing so. The opinion does not specifically discuss the sufficiency of the petition, but the court stated that "[t]he evidence tends to prove all of the averments of the petition", 167 S.W. l. c. 671, affirmed the judgment for plaintiff, and the fair inference is that the petition was considered sufficient.

In *National Dairy Products Corp. v. Freschi,* 393 S.W.2d 48 (Mo.App.1965) plaintiffs sued for damage to a runaway truck and for medical expenses incurred by one who was injured in trying to rescue the child who had started the truck. The defendants were a three year old boy and his parents. One of the allegations of negligence against the parents was that they negligently failed to control their son "when they knew or in the exercise of ordinary care could have known that said child had a propensity for entering on and attempting to drive trucks."

In his opening statement, plaintiff's attorney related that the evidence would show the driver parked the milk truck at the curb, left to make a delivery, noticed the truck was starting to roll down a steep hill with the child in the front seat and made a mad dash to rescue the child and stop the truck, but did not succeed before it ran into a house. Counsel went on to say that plaintiffs were "unable to find any evidence that young Freschi had ever been known to climb into and start an automobile or truck before." On the basis of this admission in the opening statement, the trial court directed a verdict in favor of the

defendant parents. On appeal the judgment was affirmed, the court pointing out that plaintiffs had admitted they had no evidence to show negligence of the parents in the respect charged. Again the sufficiency of the petition was not treated directly, but the fair import of the opinion, in the manner in which it detailed the charge against the parents, namely, "with having knowledge that Richard had a propensity for entering and attempting to drive trucks and that they failed and refused to restrain him in that propensity", 393 S.W.2d l. c. 52–53, in connection with the discussion of what is required to show knowledge on the part of the parents, is that the foregoing allegations were sufficient to state the required knowledge on the part of the parents.

■■■ We believe the present petition is sufficient against a motion to dismiss. It invokes the substantive principles of law which entitle plaintiff to relief. It alleges facts which inform defendant of what plaintiff will attempt to establish at trial. The allegation of full knowledge on the part of defendant of prior particular acts of Joyner likely to injure others is more than a conclusion or consequence. It is equal to alleging that defendant was aware that Joyner had acted on earlier occasions in a way which would probably injure others at hand. These are not "color" words, but are facts from which it can be concluded defendant should have anticipated the danger. Plaintiff could be compelled by motion to make more definite and certain to plead more specifically or by interrogatories to give more information as to prior acts and how defendant had knowledge of the same, but this does not mean the petition does not state a cause of action in its present form. A pleader is required to state only the ultimate facts and it is not necessary to plead the facts or circumstances by which the ultimate facts will be established. *Dalton v. Fabius River Drainage District,* 238 Mo. App. 655, 184 S.W.2d 776, 784 (1945).

The judgment is reversed and the cause remanded.

MORGAN, BARDGETT, and FINCH, JJ., concur.

HOLMAN, J., dissents.

HENLEY, J., dissents in separate dissenting opinion filed.

DONNELLY, J., dissents in separate dissenting opinion filed.

HENLEY, Judge (dissenting).

I respectfully dissent. Plaintiff's petition, alleging as it does that defendant "kept a loaded shotgun as protection [for herself and her home] from Joyner," negates any possible inference that Joyner was a guest she brought into her home, a guest invited in violation of her duty to exercise due care to avoid subjecting others to the danger she knew Joyner's presence would present.

The only inference the quoted portion of the petition supports is that Joyner was an unexpected trespasser; not a guest. I say that because it is contrary to all experience that defendant would invite into her home a person against whom she saw fit to protect it with a shotgun.

I would hold that the petition fails to state a claim upon which relief may be granted.

DONNELLY, Judge (dissenting).

In my opinion, the answer to the problem presented in this case lies in 2 Restatement, Law of Torts, Second, § 302 B. It reads as follows:

"§ 302 B. Risk of Intentional or Criminal Conduct

"An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal."

I would adopt the rule of liability stated in § 302 B, supra, and would reverse and remand the cause to permit plaintiff to seek recovery under said section. *Zimmerman v. Associates Discount Corporation*, 444 S.W.2d 396 (Mo.banc 1969).

I respectfully dissent.