Dennis SCHEIBEL, Appellant,

v.

Betty HILLIS, Respondent.

No. 38981.

Missouri Court of Appeals,
St. Louis District,
Division 2.

July 25, 1978.

Motion for Rehearing and/or Transfer Denied Sept. 15, 1978.

Application to Transfer Denied Oct. 10, 1978.

Joyce P. Hayes, Hayes & Hayes, St. Louis, for appellant.

Kemper R. Coffelt, St. Louis, for respondent.

STEWART, Presiding Judge.

This is the second appeal of this case. This appeal has its origin in the proceeding had prior to the first appeal. A review of those proceedings is necessary to our consideration on this appeal. Plaintiff brought an action for personal injuries against Betty Hillis (Hillis) and Richard Joyner (Joyner). The trial court sustained Hillis' separate motion to dismiss for failure to state a claim upon which relief could be granted. The court did not enter an order making the dismissal a final judgment for the purpose of appeal. Thereafter default and inquiry was granted against Joyner and subsequently a hearing was had and default judgment was entered against Joyner in the sum of $250,000.00. Plaintiff then appealed from the judgment attacking that part of the judgment dismissing Hillis from the action.

In substance, plaintiff's petition alleged that plaintiff who was visiting in the home of Hillis was shot in the right leg by Joyner with a shot gun owned by Hillis. The petition charged that Joyner willfully and maliciously shot plaintiff resulting in the loss of plaintiff's right leg. As against Hillis it was alleged that she kept the loaded shot gun, and that its presence and location were known to Joyner; that plaintiff had knowledge that Joyner was a violent and dangerous person who had committed other acts of violence and who had made threats; that she failed to warn plaintiff of the danger; that she had notified Joyner of the presence of the gun knowing he would be likely to use it.

On the original appeal the Supreme Court in *Scheibel v. Hillis*, 531 S.W.2d 285 (Mo. banc 1976) held that plaintiff's petition stated a cause of action and remanded the cause to the trial court without further instructions. The Supreme Court was cognizant of the fact that the default judg-

ment in the sum of $250,000.00 had been entered against Joyner. See *Scheibel v. Hillis, supra,* at 287 n. 1.

Upon remand Hillis, by leave of court, filed another motion to dismiss. Hillis' motion alleged that after the court had granted her original motion to dismiss in March of 1973 plaintiff proceeded to have default judgment entered against defendant, Joyner, and proceeded to have damages assessed and final judgment was entered on August 13, 1973; that the judgment so entered against Joyner foreclosed plaintiff from pursuing his claim against defendant because "to permit [him] to so proceed would permit him to possibly obtain two final judgments in direct violation of Rule 74.08." The trial court sustained Hillis' motion.

Although many points have been briefed the primary issue to be determined is whether the judgment against Joyner alone was a final judgment after remand by the Supreme Court.

■ In March 1973 the trial court dismissed plaintiff's petition for failure to state a claim. No disposition was made of plaintiff's claim against Joyner who was then in default. The court did not designate its order as final for the purposes of appeal under Rule 81.06.[1] It follows that plaintiff could not have taken an appeal from the order dismissing plaintiff's claim against Hillis. *Scholz Homes, Inc. v. Clay Wideman & Sons, Inc.,* 524 S.W.2d 896 (Mo. App.1975).

■ It is argued that plaintiff should have taken an interlocutory default judgment against Joyner in accordance with Rule 74.08 and then proceeded against Hillis. Plaintiff could not have proceeded in this manner because Hillis' motion to dismiss had been sustained so that no proceeding by way of trial could have been had.

Neither could he have proceeded by way of appeal because an interlocutory decree by its nature is not appealable, unless so designated. *State ex rel. Eichorn v. Luten,* 561 S.W.2d 435 (Mo.App.1978). Before plaintiff could proceed against Hillis by way of appeal the court was required to dispose of all parties and all issues. *Dotson v. E. W. Bacharach, Inc.,* 325 S.W.2d 737, 738 [2] (Mo.1959). An interlocutory decree would not have disposed of the issue of damages. Before plaintiff could proceed against Hillis by way of appeal a final judgment disposing of the issues of liability and damages had to be entered against Joyner. This would have been required whether the proceeding against Joyner was by default or by adversary proceeding. A judgment as to one of multiple defendants is not a final appealable order. *Massey v. Hamilton,* 564 S.W.2d 618, 619 (Mo.App.1978). Upon the judgment being entered against Joyner in the sum of $250,000.00 all parties and issues were disposed of and the judgment became final for the purpose of appeal.

■ Hillis seeks to fault plaintiff for failing to request that the order dismissing plaintiff's petition as to Hillis be designated an appealable order. The parties have no right to have that designation made. Whether the order shall be designated a final judgment for purposes of appeal is a matter solely within the discretion of the trial court. *Dotson,* 325 S.W.2d at 739. Inasmuch as the court, in the exercise of its discretion, did not "in the judgment entered" designate the dismissal of plaintiff's petition as an appealable order plaintiff could not obtain such designation as a matter of right.

Upon appeal from the final judgment the Supreme Court reversed that portion of the judgment of the trial court that dismissed plaintiff's action against Hillis. The order of the Supreme Court on the initial appeal

---

1. "When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless specifically so designated by the court in the judgment entered."

of this case was "reversed and the cause remanded." *Scheibel v. Hillis, supra,* at page 290.

■ It has long been said that a cause reversed and remanded without further directions is reversed for a new trial. To paraphrase *Howell v. Sherwood,* 242 Mo. 513, 147 S.W. 810, 818 (banc 1912), what could the judgment of the Supreme Court reversing and remanding without more mean except that it refused to give judgment there for Hillis and, what is more, refused to direct the trial court to give such judgment, but opened the case generally. It has also been said that an appellate court will not grant a new trial where a party can derive no benefit. *Furguson v. Turner,* 7 Mo. 497, 498 (1842).

In this case the Supreme Court was aware that judgment had been entered against Joyner, a co-defendant, by default in the sum of $250,000.00. The case could only be remanded for a new trial as to plaintiff's action against Hillis. There was no error found or alleged as to the judgment against Joyner. To answer the primary issue no final judgment was in existence at the time this case was ruled by the Supreme Court and remanded to the trial court. There was an interlocutory judgment against Joyner and plaintiff's cause against Hillis remains unresolved.

■ The matter to be determined is what issues should be tried upon remand. As Hillis contends there can only be one judgment for damages in the same case. This is true whether the judgment is by way of trial or by default. In *Hoelzel v. Chicago R.I. & P. Ry.,* 337 Mo. 61, 85 S.W.2d 126, 134 (Mo.1935), the court said, "[a] defendant should not be given a second trial of an issue where there was no error in the first trial of that issue." In most of the cases where this principle has been followed the defendants have participated in all stages of the trial.

■ In the case before us Hillis had been dismissed from the case before the hearing on the measure of damages and she was not notified of the hearing. She was not an aggrieved party and could not appeal from the judgment which was against Joyner and in her favor. *Allstate Insurance Co. v. Northwestern National Insurance Co.,* 539 S.W.2d 118 (Mo.App.1976). Equitable principles would dictate that Hillis should have a right to contest the issue of damage. *Hoelzel* recognized that a general rule would not cover the question of what issues should be tried upon remand. It said at p. 134, "There is no set rule which should govern this question in every case against two or more joint tort-feasors."

Somewhat akin to this case is *Rosenkoetter v. Fleer,* 155 S.W.2d 157 (1941), where plaintiff had judgment against two defendants in the sum of $10,000.00. Both defendants appealed, however defendant Rueckholdt's appeal was dismissed because it was not perfected. The court reversed that portion of the judgment with respect to the other defendant because of error in instructions and because the judgment was excessive. The court in *Rosenkoetter* remanded the cause with directions to hold in abeyance the verdict as to Rueckholdt's liability pending a new trial on the other defendant's liability and on the damages to be assessed against both defendants. By Hillis' logic the judgment in *Rosenkoetter* would have become final as to defendant Rueckholdt upon a finding of error against the other defendant and plaintiff would have been precluded from pursuing his remedy against the defendant who had obtained a reversal of the judgment against him and a remand. The same would be true in the case of an erroneously directed verdict against one of multiple defendants where a judgment is had against other defendants in the cause. This position is untenable.

Fairness dictates that plaintiff have his day in court against Hillis and that Hillis have the right to defend upon the issue of damages.

The opinion of the Supreme Court in *Scheibel v. Hillis, supra,* dictates the solution adopted in *Rosenkoetter v. Fleer* and in *Yarrington v. Lininger,* 327 S.W.2d 104 (Mo. 1959). The judgment dismissing plaintiff's petition is reversed. It is apparent that the

effect of the opinion of the Supreme Court is that the judgment as to the liability of Joyner be held in abeyance. A trial is to be held as to the liability of Hillis and on the amount of damages as to both defendants.

REINHARD and STEPHAN, JJ., concur.