Nancy PACKARD, et al., Appellants,

v.

KC ONE, INC., Respondent.

No. WD 37342.

Missouri Court of Appeals,
Western District.

April 7, 1987.

Leon B. Seck, Seck & Seck, Kansas City, for appellants.

Joseph A. Colussi, Kirte M. Kinser, Gage & Tucker, Kansas City, for respondent.

Before SHANGLER, P.J., and DIXON and LOWENSTEIN, JJ.

PER CURIAM:

The plaintiffs suffered an order dismissing their "second amended and substituted petition" for failure to state a claim for which relief could be granted. Rule 55.-27(a)(6). This judgment followed, after as the plaintiffs-appellants state, "a marathon of pleadings and motions already encumbering the files." The facts and reasonable inferences drawn from the allegations are reviewed in a light most favorable to the plaintiffs to determine if there is any ground for relief. The petition is to be construed liberally to the pleader. All facts alleged must be considered as true to determine whether the plaintiff invokes principles of substantive laws on which relief may be granted. *Chubb Group of Insurance Companies v. C.F. Murphy & Associates, Inc.*, 656 S.W.2d 766, 770 (Mo. App.1983).

The petition alleged the plaintiffs as owners wanted to sell a house in Kansas City. The defendant KC One was contractually engaged to act as agent and broker for this sale. Through KC One's efforts a buyer was found and a sales contract executed. To provide financing the FHA required the exterior of the house to be painted. In 1983 KC One got a $1,000 painting estimate from Frank Bradley, Jr., who turned out to be the son of KC One's chairman. KC One, it was alleged, then got the plaintiffs and the buyers to agree that plaintiffs would deposit $1,500 in escrow for the nec-

essary painting, that sum being 1½ times the bid amount as required by FHA, but the extra $500 would be refunded to the plaintiffs when the work was completed. Bradley did the work, submitted a bill of $1,400 and was paid by KC One from the escrowed funds, after payment of a $50 escrow fee. KC One paid $50 to the plaintiffs who claim actual damages of $450, the difference between $500 and what they received back. In addition, the plaintiffs asked for $25,000 in punitive damages each on the counts in the petition for; 1) "negligent performance of contract and breach of fiduciary duty," 2) fraud and deceit, and 3) violation of the Merchandising Practices Act as contained in Chapter 407, RSMo 1986.

Attached to the petition was the estimate of Bradley, Jr. for $1,000, a letter from KC One to the plaintiffs stating the $500 would be refunded, and a subsequent bill from Bradley, Jr. which disclosed an extra $400 was charged for extra work performed on the house due to two sides having been "covered with vines."

The breach of fiduciary duty count alleges KC One failed to protect the plaintiffs' interest in the painting of the property; and, violated a fiduciary duty by not disclosing the circumstances of the services of Bradley, Jr. and his relationship to the chief officer of KC One, and by not getting plaintiffs' approval for authorizing the $1,400 bill to the escrow agent.

KC One filed a motion to dismiss which was sustained. There is an indication matters outside the pleadings were presented and not excluded by the court which would have had the effect of making this a motion for summary judgment. Rule 55.27(a).

### FIDUCIARY DUTY COUNT

■ The relationship of the parties, the seller as principal and the broker as agent created a fiduciary duty from KC One to the plaintiffs requiring KC One to exercise reasonable skill, diligence and care over the handling of the business entrusted to it. *American Mortgage Investment Co. v. Hardin-Stockton Corporation*, 671 S.W.2d 283, 293 (Mo.App.1984). The bro-

ker, "owes the seller its undivided loyalty and is required to exercise the utmost fidelity and good faith. It is the broker's duty to keep the principal fully informed, to make full disclosure of all facts ..." *Adams v. Kerr*, 655 S.W.2d 49, 53 (Mo.App. 1983). The court in *Adams* found a submissible case was made for breach of fiduciary duty where the broker was found to have, without disclosure, represented both the seller and the buyer. *Id.* at 52–53. Pursuant to the review in the case at bar, the undisclosed recommendation of and use of the son of the chairman of the board of the agent-broker to perform the painting coupled with the increase in the price of painting, again, without disclosure, protected the petition from the motion to dismiss.

### UNLAWFUL MERCHANDISING PRACTICES ACT

■ In this count plaintiffs' aver the services of KC One constituted "merchandise" defined in § 407.010(4) RSMo 1986 as "any objects, wares ... real estate or services," and the conduct of KC One constituted an unlawful practice under § 407.020 RSMo 1978, which as pertinent here reads:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise, is declared to be an unlawful practice;

KC One's *only* response is that the plaintiffs' failure to disclose the family relationship was "material fact."

A "misrepresentation" is an assertion that is not in accord with the facts. Restatement (Second) of Contracts, § 159 (1979). A misrepresentation is material if it would be likely to induce a reasonable person to manifest his assent, or if the maker knows that it would be likely to induce the recipient to do so. Restatement (Second) of Contracts § 162(2) (1979).

*Best v. Culhane,* 677 S.W.2d 390, 394 (Mo. App.1984).

Materiality is a mixed question of law and fact, and a petition should not be dismissed unless the materiality is so obviously unimportant that reasonable minds could not differ. *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985).

After remand the parties may wish to delve into whether the act in question applies to the facts of this case. They are advised to read § 407.025.1 and the following cases: *Detling v. Edelbrock,* 671 S.W.2d 265, 272 (Mo. banc 1984); *Pointer v. Edward L. Kuhs Co.,* 678 S.W.2d 836, 841 (Mo.App.1984); and *Schimmer v. H.W. Freeman Construction Company,* 607 S.W.2d 767, 769 (Mo.App.1980); *Callicoat v. Acuff,* 723 S.W.2d 565 (Mo.App.1987).

### FRAUD

■ In this count the plaintiffs generally allege KC One engaged in conduct to enable Bradley, Jr., to wrongfully submit a bill forty percent over bid, all to their financial loss.

> The elements of fraud are a representation; its falsity; its materiality; the speaker's knowledge of the falsity or his ignorance of its truth; the speaker's intent that his statement should be acted upon by the person an in the manner reasonably contemplated; the bearer's ignorance of the falsity of the statement; his reliance on its truth; his right to rely thereon; and his consequent and proximately caused injury.

*Ackmann v. Keeney-Toelle Real Estate Company,* 401 S.W.2d 483, 488 (Mo. banc 1966).

KC One states the petition is deficient because it does not allege anything it said or did was false, or in other words, whether the failure to disclose can constitute actionable fraud. The relationship of these parties, for the motion here, keeps the petition alive. *American Mortgage, supra,* at 295.

The present petition is barely sufficient as against the motion to dismiss. *Scheibel v. Hillis,* 531 S.W.2d 285, 290 (Mo. banc 1976). This is not to say that where sufficient facts are supplied any or all counts will survive summary judgment or directed verdict.

The judgment is reversed and the cause is remanded.