**Bobby HOWARD, Appellant,**

v.

**KYSOR INDUSTRIAL CORPORATION and Zykan Brothers, Inc., Respondents.**

**No. 51096.**

Missouri Court of Appeals, Eastern District, Division Four.

April 14, 1987.

Motion for Rehearing and/or Transfer Denied May 12, 1987.

Application to Transfer Denied June 16, 1987.

Eugene H. Fahrenkrog, Jr., St. Louis, for appellant.

J. Patrick Chassaing, Steinberg & Crotzer, St. Louis, for Zykan Brothers, Inc.

Joseph H. Mueller, St. Louis, for Kysor.

SIMON, Judge.

Plaintiff, Bobby Howard, seeks damages for injuries sustained when a trash compactor activated and crushed him. Howard's petition contained three counts: Count I, defective design, failure to warn; Count II, negligence; Count III, Howard's wife's claim for a loss of consortium. Howard's claim was submitted on Count II against both defendants: Instruction No. 7, Kysor sold trash compactor without completely covering the top of the trash compactor other than the chute and without warning Zykan that the top had to be completely covered prior to installing the compactor (MAI 3d 17.01 modified), and Instruction No. 6, Zykan installed the compactor without completely covering the top of the trash compactor other than the chute (MAI 3d 17.01 modified). The jury in the Circuit Court of the City of St. Louis awarded Howard a verdict of $125,000 and assessed 50% fault to Howard and 25% to each defendant, Kysor Industrial Corporation and

Zykan Brothers, Inc. The defendants' motions for judgment notwithstanding the verdict were granted.

On appeal, Howard contends that the trial court erred in: (1) granting defendants' judgment notwithstanding the verdict; (2) denying his motion for a new trial because the jury instructions were misleading and prejudicial and the damages awarded were inadequate. We affirm.

In reviewing to determine whether Howard has presented sufficient evidence for submission to the jury, we consider the evidence in the light most favorable to Howard with all reasonable inferences to be drawn therefrom. *Winters v. Sears, Roebuck & Co.*, 554 S.W.2d 565, 569 (Mo.App. 1977). Howard sustained multiple injuries in a trash compactor located in the Santa Ana apartment complex. The compactor was manufactured by Kysor Industrial Corporation and distributed and installed by Zykan Brothers, Inc.

The Santa Ana Apartments is a residence for senior citizens and the handicapped. The building is fifteen stories with a trash chute running vertically throughout the building. Each floor has an access door where the residents can dispose of their trash. These chutes lead to the trash compactor. The compactor is located on the main level of the apartment building within a self-contained room, access to the room is gained by a set of double doors which are secured by a deadbolt lock, which can only be locked and unlocked with a key.

On November 21, 1981, Howard arrived at the El Rancho Tavern at approximately 1:30 p.m. and began consuming alcohol with several friends and teachers from the nearby vocational school that he attended. Howard stayed at the El Rancho until approximately 8:30 p.m. when a young man informed him of a party. Howard, who was in the business of selling merchandise, i.e. knives, watches and cigarette lighters, left with this young man and went to the party. Howard had hoped to sell some merchandise which he had purchased earlier in the day. Howard arrived at the party between 9:30 and 10:00 p.m., consumed four or five more drinks and left between 12:30 and 1:00 o'clock. Howard was unable to recall the exact location of this party. Howard left on foot because he felt the additional drinks had impaired his driving ability. Howard eventually came upon a lighted parking lot which he later learned was the Santa Ana Apartment complex. Howard was dressed in pants, windbreaker and he was very cold. The weather bureau records show the temperature that night was between thirty-two and thirty-four degrees. In his deposition of March 1983 Howard was unable to recall what occurred from the time he reached the parking lot until the time he was inside a confined area, which he later learned was a trash compactor. At approximately 8:00 a.m. the following morning Howard was found by Elmer Thebeau, a Santa Ana employee, inside the compactor. Thebeau testified that all the doors to the building and to the compactor room are locked. You have to use a key or be admitted to gain access to the building. Also, that he discovered Howard in the trash compactor upon investigating scratching sounds and he inserted his key in the compactor room door to gain admission.

The records of DePaul University Hospital show that Howard had a blood alcohol content of .165 on November 22 at 10:00 a.m. The nursing records notes dated December 5, 1982 quote Howard as saying "I came to the hospital in November of 81. I was thrown into a trash compactor." St. Ann Police Chief James Terrari testified that when he questioned Howard on November 23, 1981 as to how he got into the compactor Howard wrote the following words, "Not someone I know. I don't even know how many."

Following two sessions on February 6 and 9 with Dr. Robert C. Lee, a psychologist and counselor for sleeping disorders, Howard recalled unsuccessfully attempting to open the front doors and other doors to the Santa Ana Apartment building. He recalled climbing onto a loading dock and gaining access to the compactor room and that he sat in the compactor room for ten to fifteen minutes to warm up. When he started to leave he saw flashing red lights,

which he believed to be police lights. He was fearful of the police finding him in an intoxicated state and looked for a place to hide. Howard then recalled that everything started moving and vibrating and he felt the sensation of being crushed.

Howard correctly states that a submissible case can be made on circumstantial evidence. Howard's circumstantial evidence included testimony following hypnosis by Dr. Lee. The trial court allowed this post-hyponotic testimony, however, Zykan moved for a judgment notwithstanding the verdict in light of *Alsbach v. Bader*, 700 S.W.2d 823 (Mo. banc 1985) which was granted. In *Alsbach*, our Supreme Court ruled that post-hypnotic testimony is inadmissible because it lacks scientific reliability. Howard contends that excluding the post-hypnotic testimony he made a submissible case.

"In order to state a cause of action in a products liability action based on negligence, the plaintiff must, as in any negligence case, allege that the defendant owed the plaintiff a duty or standard of care, that the defendant breached this duty or violated this standard, and that the breach or violation was the cause in fact of some legally cognizable damage or loss to the plaintiff. The burden of proving negligence in a products liability action is, of course, on the plaintiff." American Law of Products Liability 3rd § 10.1, at 10–11 (1987). *See Scheibel v. Hillis*, 531 S.W.2d 285, 288 (Mo.1976). *See also* Restatement (Second) of Torts § 395 ("Negligent Manufacture of Chattel Dangerous Unless Carefully Made"). "In negligence cases, the duty owed is based on the foreseeability or reasonable anticipation that harm or injury is a likely result of acts or omissions." *Blevins v. Cushman Motors*, 551 S.W.2d 602, 607–08 (Mo. banc 1977).

Reviewing the submissibility of this claim, we view the evidence and its reasonable inferences in a light favorable to Howard. The favorable competent evidence shows only that Howard was in the Santa Ana Apartment complex parking lot, the building and compactor room is generally secured and he was found in the compactor the following morning. Howard attempts to eliminate the different methods of entry. Howard claims that the building was secure and that his admission to the apartment building would be unlikely because the front door is locked at 8:00 p.m. Since there were no signs of forced entry Howard asks us to eliminate the possibility that he entered the trash compactor by the chute which runs vertically throughout the building. Howard also claims that he could not have been thrown into the compactor because the building was secure and there was no report of violent or suspicious activity and furthermore none of the apartment residents had reported lost keys. He further claims that there is no proof that the compactor doors were locked because in Elmer Thebeau's deposition testimony he stated that he inserted the key into the door without first checking to see if the door was locked, however, Thebeau did state that he specifically remembered having checked the door the night before the incident, and that it was locked.

Howard asks the court to ignore the possibility that access to the building could be gained by someone holding the door open or if the individual seeking access caught the door before it closed on any other method of entry.

Buddy Howard, Bobby Howard's brother, testified at trial that two of his brother's friends, Jerry Roykes, nicknamed Animal and Wyvon Hornberg, nicknamed Easy, were interested in where Bobby Howard got his merchandise, knives, etc.... Bobby Howard indicated to his brother that someone was "looking at him hard" and was going to give him some problem and that is why he left the party.

The admissible evidence at trial does not afford the court a substantial and sufficient basis for deductive reasoning. *McCarthy v. Wulff*, 452 S.W.2d 164 (Mo. 1970). Howard is asking the court to make inferences upon inferences which do not logically follow each other. He contends that he could have entered the trash compactor by two methods—through the chute (which runs vertically throughout the building) or through the roof of the compactor.

Howard is asking the court to consider these two possibilities only. He is asking that the court ignore other possibilities.

The negligence submitted is the failure to completely enclose the top of the compactor. There is no competent, substantive evidence to show that this failure was the proximate cause of Howard's injury.

> ... essential to his cause of action for negligence, the plaintiff, in general, has the burden of proof. He must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.

W. Prosser, The Law of Torts § 41, at 241 (4th edition 1971).

The evidence does not indicate the method by which Howard got into the compactor. To assume that he entered the compactor in the compactor room through the unenclosed top of the compactor would be pure speculation or conjecture. We conclude that no evidence exists to make a submissible case.

Since the resolution of point one is dispositive of the appeal, it is not necessary to consider Howard's second point.

Judgment affirmed.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.